**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CLIFFORD H. DOWLER,** : | |
| : | Case No. 2:16-cv-702 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | |
| **NANCY A. BERRYHILL,** : | Magistrate Judge Deavers |
| Acting Commissioner of Social Security, : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF No. 28). For the reasons set forth below, Plaintiff's Motion for Attorney Fees is **GRANTED.**

**I.  BACKGROUND**

On July 7, 2016, Plaintiff filed suit against the Commissioner of Social Security seeking a reversal of the Commissioner's determination that he was not entitled to disability benefits, and an award of annual and past due benefits. (ECF No. 3). On April 26, 2017, this Court granted a Joint Motion to Remand and remanded the action to the Administrative Law Judge for further proceedings. (ECF No. 27). On remand, Plaintiff was awarded $100,524.00 in past-due benefits, with $25,131.00, equal to 25% of the past-due award, withheld for attorney's fees. (ECF No. 28). Plaintiff's attorney now comes before this Court seeking attorneys' fees in the amount of $5,500.00 for the 14.90 hours of work representing Plaintiff in this Court. Plaintiff's counsel seeks to refund the EAJA fee amount of $3,049.00 to Plaintiff directly, upon payment of the §406(b) fees. (ECF No. 20.)

1

## II. STANDARD OF REVIEW

In cases in which a Plaintiff is represented in federal court and receives a favorable judgement, the court may award a reasonable fee for an attorney's representation. 42 U.S.C. § 406(b). If awarded, the attorneys' fees are to be paid out of a plaintiff's past-due benefits. 42 U.S.C. § 406(b). Federal courts review such requests for attorney fees under §406(b) for reasonableness, acting as an independent check and seeking to ensure reasonable results. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). This review should evaluate the character of the representation and the results the representative achieved. *Id.* at 808. Although §406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court, Congress has rendered unenforceable agreements which provide for fees in excess of 25 percent of the past-due benefits. *Id.* at 807.

In the Sixth Circuit, an attorney who represents the claimant before the Commissioner and in court may separately receive fees for both representations, meaning the attorney may receive total fees exceeding twenty-five percent of the claimant's benefits award. *Booth v. Commissioner of Social Sec.*, 645 Fed.Appx 455, 457 (6th Cir. 2016) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262–63 (6th Cir.1994)). The Sixth Circuit has additionally limited instances in which courts may reduce fees to only two circumstances: "(1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). As such, 25% contingency fee contracts "should be given the weight ordinarily accorded a rebuttable presumption." *Id.* at 746.

### III. LAW AND ANALYSIS

In the instant case, Plaintiff's attorney is entitled to a fee award as the representative responsible for Plaintiff's obtaining a favorable judgment following his appeal in this Court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). This Court is tasked with evaluating the reasonableness of Plaintiff's request for a fee award of $5,500.00 for the 14.90 hours spent representing Plaintiff in this Court. This request represents a rate of $369.13 per hour for his work in this case. Plaintiff's counsel contends that this award is reasonable when taking into account his qualifications, prior experience, the considerable risk taken in representing Plaintiff, and the challenging nature of the case. (ECF No. 28.)

The Sixth Circuit has held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418, 422 (6th Cir. 1991). An hourly rate that is twice the standard rate is a "floor", and thus only in cases in which the calculated hourly rate is above the double-the-standard-rate floor may the court consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id.* at 422. In downtown Columbus, the average hourly rate for legal work is $275 and the average rate for work on Social Security cases in Ohio is $250. *The Economics of Law Practice in Ohio in 2013,* The Ohio State Bar Association (2013). As such, the floor in the present case, determined by doubling the standard rate of the hourly average, would be $550 for a firm located in downtown Columbus, and $500 per hour for a Social Security case adjudicated in Ohio.

In the instant case, Plaintiff has requested a rate of $390.13 per hour which is lower than the calculated floor in the present case. The hourly rate requested by Plaintiff's counsel is

reasonable in light of Plaintiff counsel's favorable results, the skill and experience of counsel, and his effort in the present case. *See, e.g.*, *Lery v. Commissioner of Social Security*, 2019 WL 1856278, at *1 (S.D. Ohio Apr. 25, 2019) (approving hypothetical hourly rate of $530.22); *Bush v. Commissioner of Social Security*, 2019 WL 1300311, at *2 (S.D. Ohio Mar. 21, 2019) (approving hourly rate of $599.00); *Barrett v. Commissioner of Social Security*, 2018 WL 4846263, at *2 (S.D. Ohio Oct.5, 2018) (approving hourly rate of $656.20). Plaintiff counsel admits he caused delay in the instant case due to the filing of several Motions for Extension of Time. However, Plaintiff properly deducted the amount he would have received as a percentage of Plaintiff's past-due benefits that increased as a result from Plaintiff's counsel's delays. Although the delays were meaningful, neither of the two circumstances provided by the Sixth Circuit that permit the reduction of fees exist in the present case. Counsel's representation of his client was neither improper or ineffective and the requested amount of $5,500.00 does not constitute a windfall. Additionally, it does not appear that Plaintiff's counsel expended minimal effort in his representation of Plaintiff in this case. Finally, this Motion is not contested by the Commissioner. Therefore, this Court is persuaded that the requested award for attorney's fees totaling $5,500.00 for 14.90 hours at $390.13 per hour satisfies the requirements of 42 U.S.C. § 406(b) and is a reasonable reward in the present case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees is **GRANTED.** Plaintiff's attorney will receive $5,500 of the past-due benefits award as compensation for his services related to the proceedings in this Court and will refund the EAJA fee amount of $3,049.00 to Plaintiff.

**IT IS SO ORDERED.**

                                               s/ Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
**Dated: July 12, 2019**                        **UNITED STATES DISTRICT JUDGE**